## JAMES H. JACKS v. HENRY A. DARRIN.

Under the statute respecting lost notes and bills of exchange, a party is entitled to recover upon a lost check, upon proving the contents thereof and tendering a bond of indemnity at the trial, although the loss occurred subsequently to the commencement of the action. (2 R. S. p. 652, marg. p. 406.) (a)

Where a check, payable at a future day, is passed away by the payee, before its maturity, and the indorsee, having, upon taking the check, paid the full amount thereof, transfers it to the plaintiff: the latter is entitled to recover against the drawer, irrespective of any equities existing between the original parties.

The drawer of a check, by stopping its payment at the bank, relieves the holder, as against him, from any necessity of presentment and notice of non-payment.

(a) See the case of *James Jacks* against the same defendant, *ante*, p. 548.

Where the testimony establishing a case is direct, unequivocal and consistent, and the witnesses stand unimpeached and uncontradicted, a court or jury cannot unreasonably discredit them; and where the finding of a justice or jury is in conflict with what is sworn to under such circumstances, it will be set aside as against evidence.

APPEAL by the plaintiff from a judgment of the Marine Court, given in favor of the defendant, by Justice McCarthy. The opinion fully states the facts.

*William R. Stafford*, for the plaintiff.

*Peter Vanantwerp* and *Thomas D. James*, for the defendant.

BY THE COURT. DALY, J.—This judgment must be reversed. The case is a very plain one. The action was upon a check made by the defendant to the order of one Ferguson, and indorsed by him, which was lost between the time of joining issue and the day of trial. On the day of trial the plaintiff gave a bond of indemnity to the defendant, according to the statute, which was received by the justice, and the plaintiff proved the making of the check by the defendant, the fact that it was in court at the joining of issue, and its subsequent loss. He then proved by Ferguson that the check was given by the defendant to the indorser, Ferguson, who went to James Jacks, the father of the plaintiff, and obtained the money for it, to the full amount of its face, the check having six or eight days to run, and gave the money to the defendant. When the check fell due it was not paid, and Jacks, the father, who testified to the fact, passed it afterwards to his son, the plaintiff, receiving from his son $500 for it, the check being for $561.

Jacks, the elder, having advanced the full amount of the check, was a holder for value, and the plaintiff having purchased it from him, though for less than its face, acquired all the interest which his father had. If there had been any equities between his father and the maker and indorser, he would, having purchased it after it was due, have taken it subject to these equities; but it appears from the evidence that

there were none, and he had a right to recover against the defendant the full amount of it.

It did appear in evidence, that before or after the check was due, the defendant told Jacks, the elder, that he had received no consideration for it, and had stopped the payment of it at the bank; but there was no evidence that this was communicated to the plaintiff, and if it had been, it would make no difference. Jacks, the elder, had paid the full value for it, and it was wholly immaterial whether the defendant had received any consideration or not.

An objection was taken upon the trial to the want of sufficient proof of presentment and of notice of non-payment to the maker, but the defendant, having stopped the payment of the check at the bank, as against him, presentment and notice were unnecessary.

No reasons are given by the justice for his judgment, but it would seem from the statement made by him, that he discredited the plaintiff's witnesses. The evidence of these witnesses was direct, unequivocal, and consistent, and where such is the fact, and the witnesses stand before the court unimpeached and uncontradicted, it is the duty either of the court or of a jury to believe them, and when the finding of a justice or of a jury is in conflict with what is expressly sworn to, under such circumstances, by the witnesses, it will be set aside as against evidence.

The ruling of the justice upon the preliminary objections raised by the defendant, was in conformity with the decision made at this term in the suit between the same defendant and James Jacks, the father of the present plaintiff.

Judgment reversed.